UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:09-CR-33-GFVT-HAI-1 |
| ) | |
| V. ) | RECOMMENDED DISPOSITION |
| ) | |
| JAMIE EDWARD DAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 65), the Court considers reported violations of supervised release conditions by Defendant Jamie Edward Davis. Judge Van Tatenhove entered a judgment against Defendant in May 2010 for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). D.E. 43. Defendant received a sentence of 57 months of imprisonment followed by three years of supervised release. *Id.* at 2-3.

### I. Prior Violation and Revocation

This is Defendant's second revocation of supervised release. Defendant began his first supervised release term on April 18, 2014. On November 28, 2014, Defendant was arrested by the Williamsburg Police Department and charged with First Degree Wanton Endangerment, a violation of KRS § 508.060. Based on this incident, on December 16, 2014, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from Judge Van Tatenhove. The Report charged Defendant with a Grade A violation of the condition that he not

1

commit another federal, state, or local crime. The following week, the USPO issued an addendum charging Defendant with a Grade C violation of the condition that he not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Defendant brandished a machete and box-cutter during the incident for which he was arrested. *See* D.E. 55 at 1-2.

At the final revocation hearing on December 31, 2014, the government moved to dismiss the first count, and the Court took under advisement the question of whether the box-cutter and machete qualified as dangerous weapons. D.E. 55 at 4. At the reconvened final revocation hearing on January 8, 2015, the Court determined Defendant was guilty of possessing a dangerous weapon. *Id*. at 5. The Court found Defendant's Guidelines Range to be eight to fourteen months. *Id*. at 6. The government requested eleven months' incarceration, followed by 25 months of supervised release. Defendant requested 30 days' imprisonment, followed by home detention and additional supervised release. *Id*. at 7.

The Court recommended a very lenient sentence of 30 days' incarceration followed by 35 months of supervised release including ten months on electronically-monitored home detention. The Court reasoned as follows:

> Ordinarily, Defendant's Criminal History Category of VI, violence in that history, and significant breach of the Court's trust through dangerous conduct would result in revocation and a significant term of imprisonment. Here, however, Defendant's statement in allocution persuades the Court that leniency is appropriate. Defendant sincerely described his desire to better himself, and supported that desire by describing his commitment to the RDAP program during incarceration, his selection as an inmate leader in that program (which he described as a very rare occurrence), by indicating he taught several rehabilitative classes to fellow inmates, including anger management, and by his record of good behavior while on release, which record was confirmed by Officer Greiwe. All of this is commendable. Defendant also said he is motivated by the upcoming birth of his second child. Finally, and quite persuasively, Defendant indicated he is shocked by the ignorance he sees in his fellow inmates at the local detention facility and that he let himself make a bad

      decision concerning the confrontation with Mr. Tyler.  Defendant recognizes that confrontation was avoidable, and sincerely took responsibility for making a very poor choice.

D.E. 55 at 7-8.

The Court justified this downward departure from the Guidelines Range based on "the strength of Defendant's statement in allocution."  D.E. 55 at 8.  The Court's Recommended Disposition concluded that "only time will tell whether it [was] wise" to rely so heavily on Defendant's statement in allocution.  *Id*. at 9.  "The Court impressed upon Defendant the need to strictly comply with all conditions of release, and warned that any future violation will not be met with leniency."  *Id*.  On January 16, 2015, District Judge Van Tatenhove adopted the Recommended Disposition.  D.E. 57.

## II.  Current Violations

On February 12, 2016, the USPO issued a Supervised Release Violation Report ("the Report") charging Defendant with two violations.  According to the Report,

> Davis reported to the office on February 5, 2016, as directed, and submitted a urine specimen that appeared to test positively for the presence of amphetamine via instant testing device.  Davis denied the use of any controlled substances and the specimen was sent to Alere Toxicology Services for further testing.
>
> On February 11, 2016, Alere returned a positive test result for amphetamine/methamphetamine.

First, taking methamphetamine would violate Standard Condition #7 that Defendant "shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician."  Second, because the law in this Circuit holds that use is tantamount to possession, the Report charged Defendant with violating the condition that he not commit another federal, state, or local crime.  Judge Van Tatenhove issued a warrant for Defendant's arrest, which was executed.

The Court conducted an initial appearance pursuant to Rule 32.1 on February 23, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 64. At the initial appearance, the United States made an oral motion for interim detention, which Defendant did not oppose. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on March 2, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 69. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established both violations under the standard of section 3583(e).

The Court has evaluated the entire record, including the audio record and documents related to Defendant's prior revocation, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.

First, Congress ***mandates*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession).

Second, under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). Such conviction is a Class C felony. *See* 18 U.S.C § 3559. For a Class C felony, the maximum revocation sentence provided

4

under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) (explaining that the policy statements found in Chapter Seven of the Guidelines are merely advisory and need only be considered by the district court before the sentence is imposed). Under § 7B1.1, Defendant's admitted conduct on the first violation would qualify as a Grade C violation, and the second violation qualifies as a Grade B violation. Given Defendant's Criminal History Category of VI (the category at the time of the conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 21 to 27 months.

At the final revocation hearing, the parties disagreed regarding the appropriate sentence. The government urged the Court to revoke and to sentence Defendant to a minimum Guidelines Range term of imprisonment of 21 months, followed by a 12-month term of supervised release. Applying the § 3553 factors, the United States argued that Defendant had a substantial criminal history that included violent crimes and an underlying conviction for being a felon in possession of a firearm—factors that showed Defendant poses a danger to the community. The government further argued that, in light of Defendant's light penalty for his previous violation, the current violations, occurring less than a year after his release, were egregious violations of the Court's trust.

The defense presented two options for the Court's consideration. The first option was thirteen to seventeen months' incarceration, followed by supervised release that included a mental health evaluation and treatment condition. The second option was 21 to 24 months' incarceration, with no supervised release to follow. The defense argued that Defendant's need for medical and

educational assistance should be the key factor.  Counsel explained that Defendant was having severe physical and mental health issues.  According to the defense, Defendant was experiencing an episode of major/manic depression when he took the methamphetamine.  Defendant, counsel argued, was not a typical drug abuser.  Instead, the meth use was a cry for help from a man overwhelmed by what was happening in his life.  When given opportunity to address the Court, Defendant stated that his attorney had accurately described the situation.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  In this case, Defendant received a very lenient below-Guidelines sentence barely over a year ago.  The violations thereafter are a serious breach of trust.  The Court is also troubled by the fact that Defendant, when confronted with the positive instant urine test results, initially lied to his probation officer about his methamphetamine use.  Underlying both of these issues is Defendant's criminal history category of VI and the criminal nature of his meth use.

Ultimately, the Court recommends revocation and a term of incarceration of 21 months, followed by twelve months of supervised release.  The Court has carefully weighed the nature and circumstances of the offense, the need for education, training, and treatment, and the need to deter criminal conduct as well as protect the public. For the reasons described above, the Court finds that Defendant's proposed sentence is sufficient, but not greater than necessary, to meet the statutory goals imported into the 18 U.S.C. § 3583(e) analysis.  Despite being shown leniency, Defendant has

breached the trust of this Court and his probation officer. A significant term of imprisonment is necessary to address the breach of trust, deter criminal conduct, and protect the public from further crimes.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's conviction, his prior revocation term of imprisonment, and the 21-month imprisonment term recommended herein, pursuant to 18 U.S.C. §§ 922(g)(1) and 3583(h), Defendant can be placed on supervised release following revocation for a maximum of fourteen months. The Court recommends that a twelve-month term of supervised release be reimposed with the same conditions of Defendant's original Judgment (D.E. 43 at 3-4), modified as requested by Defendant. Specifically, the Court recommends that Defendant receive a mental health evaluation upon release, followed by mental health treatment throughout the duration of his supervised release. The Court recommends that this evaluation and treatment (the specifics of which are to be determined by the USPO) be added as a special condition upon Defendant's supervised release.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of 21 months; and

3. A twelve-month term of supervised release to follow under the conditions previously imposed at Docket Entry 43, with the added special condition that Defendant shall obtain a mental health evaluation upon release, followed by mental health treatment

(as directed by the USPO) throughout the duration of his supervised release.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 3rd day of March, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge