Eastern District of Kentucky
**FILED**

MAY 1 1 2016

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 09-33-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JAMIE EDWARD DAVIS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Before the Court is Magistrate Judge Hanly A. Ingram's Recommended Disposition. [R. 70.] The Defendant in this case, Jamie Edward Davis, is charged with a second violation of his supervised release conditions. On February 11, 2016, Davis failed a urine drug test. [*Id.* at 3.] His violation report charges him with violating his release conditions by (1) possessing a controlled substance and (2) committing another federal crime. [*Id.*] At his final revocation hearing on March 2, Judge Ingram found that Davis had competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. [*Id.* at 4.]

In his Recommended Disposition, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in determining the recommended sentence. He noted that Davis "received a very lenient below-Guidelines sentence barely over a year ago," and "[t]he violations thereafter are a serious breach of trust." [*Id.* at 6.] Judge Ingram was further "troubled by the fact that Defendant, when confronted with the positive instant urine test results, initially lied to his probation officer about his methamphetamine use." [*Id.* at 6.] He also noted that "[u]nderlying

both of these issues is Defendant's criminal history category of VI and the criminal nature of his meth use." [*Id.*] After "carefully weigh[ing] the nature and circumstances of the offense, the need for education, training, and treatment, and the need to deter criminal conduct as well as protect the public," Judge Ingram ultimately recommended revocation and a term of incarceration of 21 months, followed by twelve months of supervised release. [*Id.*]

Generally, this Court must undertake a *de novo* review of those portions of a magistrate's recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 70**] as to Defendant Jamie Edward Davis is **ADOPTED** as and for the Opinion of the Court;

2. Davis is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Davis's Supervised Release is **REVOKED**;

4. Davis is **SENTENCED** to a term of incarceration of 21 months, followed by

2

twelve months of supervised release with the same conditions of his original Judgment; and

    5.    Judgment shall be entered promptly.

This  10th  day of May, 2016.



Signed By:
Gregory F. Van Tatenhove
United States District Judge