UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No.: 6:09-cr-00033-GFVT-HAI-1 |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JAMIE EDWARD DAVIS, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (R&R) of United States Magistrate Judge Hanly A. Ingram. [R. 107.] For the following reasons, his R&R is adopted as and for the opinion of the Court.

The Defendant first violated the terms of his supervised release in November 2014, his supervised release was revoked and he served thirty (30) days in federal custody. [*Id.* at 2.] Defendant was released from Federal Custody with thirty-five (35) months of supervised release. [*Id.*] Defendant violated the terms of his supervised release a second time in February 2016, his supervised release was revoked and he served twenty-one (21) months in federal custody. [*Id.*] Defendant was released from federal custody and began a second one year term of supervised release. [*Id.*]

The current violation stems from Defendant failing a field sobriety test on November 7, 2017 after crashing his vehicle. [*Id.* at 3] On November 16, 2017, the USPO issued a Report, charging Defendant with two violations. [*Id.*] On December 17, 2017, Defendant made a

motion for psychological evaluation. [*Id*.] In May 2018, the Court received the competency and criminal responsibility evaluation which found Defendant to be sane at the time of the offense and generally presently competent, but possibly unable to properly assist his defense. [*Id*.] On June 4, 2018, Defendant waived his right to additional hearings on his competency. [*Id*. at 4] On June 7, 2018, the government moved to dismiss Violation #2 and Defendant admitted to committing Violation #1. [*Id*.]

Upon evaluation of the entire record, including the Supervised Release Violation Report and accompanying documents and the sentencing materials from the underlying judgments in this District, Magistrate Judge Ingram recommended a period of incarceration of fourteen (14) months and no supervised release. [*Id.* at 8.] The Defendant has waived his right to allocution. [R. 108]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Magistrate's Recommended Disposition [**R. 107**] as to Jamie Edward Davis is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Davis is found to have committed Violation #1 as identified in the Recommended Disposition of the Magistrate Judge and Violation #2 is dismissed;

3. Mr. Davis's Supervised Release is **REVOKED**; and

4. Mr. Davis is hereby sentenced to a term of incarceration for **fourteen (14) months** with no supervised release to follow.

This the 24th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge